The plaintiffs were the children and heirs-at-law of Abraham Daisey, who died leaving a widow in possession of the land, and several children, the plaintiffs, of whom one of them, Susan, came in September, 1848, to live with her mother; in the dwelling house which was on the premises. Abraham Daizey died after January, 1848; the widow rented the land to Henry Hudson, for one year; cultivated it herself the second, and rented it out to another person the third year. The trespass complained of, was moving a fence in April of the year when Hudson tilled the farm, under rent from the widow; she being in the house. The question was, whether plaintiffs could recover in this action; the defendant insisting that being out of possession, plaintiffs could not maintain trespass. (1 Harr. Rep., 335; 9 Johns. Rep., 60-1; 1 Ibid, 510; 19 Wend. Rep., 507.)
Mr. Layton, contra, argued that the law of descents cast upon the heirs such a possession as would enable them to maintain trespass *Page 321 
for injuries to the land, and that the possession of the widow, or at least, the possession of the widow and one heir, was possession of all. (2 Phill., 132; 11 Mass. Rep., 519; 6 Bac. Ab., 593; Roscoe, 380; 4Barn. Cress., 583; 4 Harr. Rep., 345.)
Chief Justice BOOTH charged the jury: — that the action being for a trespass to real property, it could be maintained only by a person in the actual and immediate possession of the premises at the time the trespass was committed. The action is for an injury to the possession; and the form of remedy is not merely arbitrary, but necessarily arising from the nature of the injury.
 Verdict for defendant.